NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 13 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HUY NGUYEN, individually and on behalf of all others similarly situated, <br><br> Plaintiff-Appellee, <br><br> v. <br><br> WELLS FARGO BANK, N.A., <br><br> Defendant-Appellant. | No. 17-17510 <br><br> D.C. No. 3:15-cv-05239-JCS <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Joseph C. Spero, Magistrate Judge, Presiding

Argued and Submitted April 19, 2019
San Francisco, California

Before: HAWKINS and M. SMITH, Circuit Judges, and LYNN,[**] District Judge.

Wells Fargo appeals the grant of class certification on Huy Nguyen's expense reimbursement and late payment claims, both brought pursuant to the California Labor Code. We have jurisdiction under 28 U.S.C. § 1292 and affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Barbara M. G. Lynn, Chief United States District Judge for the Northern District of Texas, sitting by designation.

1. The court applied the correct legal standard in certifying a class to pursue Nguyen's expense reimbursement claim under California Labor Code Section 2802. The court properly considered and applied the relevant factors set forth in Federal Rule of Civil Procedure 23 and applied the correct standard of liability under Section 2802. *See* CAL. LAB. CODE § 2802(a); *O'Hara v. Teamsters Union Local No. 856*, 151 F.3d 1152, 1157 (9th Cir. 1998). Contrary to Wells Fargo's contention, the court did not read out of Section 2802 the requirement that an expense be necessarily incurred in the discharge of an employee's duties; it properly found that liability "turn[ed] on whether the marking expenses at issue were reasonably necessary to the discharge of the [employees'] duties." Thus, we review for abuse of discretion. *O'Connor v. Uber Techs., Inc.*, 904 F.3d 1087, 1094 (9th Cir. 2018).

There was no abuse of discretion in concluding that the claim was amendable to class treatment. The court did not rely on an improper factor, omit a substantial factor, or commit a clear error in judgment or its findings of fact. *See id*. Additionally, there was no abuse of discretion in declining to apply principles of comity to follow *Buchanan v. HomeServices Lending, LLC*, a non-binding, factually distinguishable case involving different parties. *See* No. 11cv0922 L(MDD), 2013 WL 1788579, at *1 (S.D. Cal. Apr. 25, 2013).

2. The court did not err in certifying a class to pursue the late payment of commissions claim under California Labor Code Section 204. The court properly

2

considered and applied the applicable factors under Rule 23 and the correct legal standard for liability for such a claim. Finally, the court did not commit clear error in making its findings of fact or otherwise abuse its discretion in concluding that this claim was amenable to class treatment.

**AFFIRMED.**